# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**IRA LEE PARKER WILSON, ET AL.**  \*  **CIVIL ACTION NO.  14-0109**


**VERSUS**       \*  **JUDGE S. MAURICE HICKS, JR.**


**SAMSON CONTOUR ENERGY E&P** \*  **MAG. JUDGE KAREN L. HAYES**
**L.L.C., ET AL.**

## REPORT AND RECOMMENDATION

On March 27, 2018, the undersigned afforded plaintiff, Bobby Parker, Executor of the Estate of Ira Lee Parker Wilson, until April 30, 2018 to l file into the record either: (1) a stipulation of dismissal of this action without prejudice, so that the claim may be pursued in the Bankruptcy Court, or (2) a copy of a motion filed in the Bankruptcy Court for the District of Delaware seeking relief from the bankruptcy stay to pursue this action in this court.  (March 27, 2018, Order [doc. # 40]).  To date, plaintiff has failed to respond to the court order.

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b) (in pertinent part).  The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without motion by the defendant.  *Link v. Wabash R.R. Co*., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored a court order. Plaintiff has not actively participated in this case for approximately 2.5 years because the case was stayed between November 30, 2015 though March 27, 2018. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.[1]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with prejudice in accordance with the provisions of Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

---

[1] Certainly, if plaintiff disputes this inference, he may so demonstrate in his objection to the instant report and recommendation.

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 7th day of May 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE